UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA REMA COLEMAN,

                          Plaintiff,

                                                            5:14-CV-01521

v.

                                                            (GTS/TWD)

SYRACUSE, NEW YORK, MY CHILD'S FATHER,
SYRACUSE NEW YORK UNIVERSITY,
SYRACUSE MEDAL UNIVERSITY, MEDICAL
RECORDS, L.C.P., SUNY UNIVERSITY,
WALFARE OFFICE,

                          Defendants.
_____

APPEARANCES:

PATRICIA REMA COLEMAN
Plaintiff, *pro se*
0003374
Leigh County Prison
38 North 4th Street
Allentown, PA 15102-3489

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

**I.    INTRODUCTION**

       This matter is presently before the Court to consider whether it should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute. For the reasons that follow, I recommend that the action be dismissed without prejudice.

**II.    PROCEEDINGS TO DATE**

       Plaintiff apparently commenced this action on July 14, 2014, in the United States District

Court, Southern District of New York. (Dkt. No. 1.) By a December 12, 2014, Order of Chief Judge Loretta A. Preska, this case was transferred to this Court. (Dkt. No. 4.) On December 17, 2014, this Court issued an administrative Order regarding the designation of the type of case on the Court's docket (Dkt. No. 6) which was served on Plaintiff via regular mail at the address designated by Plaintiff. (*See* Dkt. No. 1 at 1.) That Order was returned as undeliverable. (Dkt. No. 7.) The Plaintiff's request to proceed *in forma pauperis* (Dkt. No. 2) filed prior to the transfer of the case to this Court, but not acted upon by the transferring Court, was then reviewed. By Order of this Court dated October 1, 2015, Plaintiff's request to proceed *in forma pauperis* was denied without prejudice to renew upon the filing of a proper application within thirty (30) days of that Order. (Dkt. No. 8.) Plaintiff was directed that if she failed to file the proper *in forma pauperis* application, she would be required to pay the filing fee. *Id*. Plaintiff was also directed to provide the Court with her proper address within thirty (30) days of the Order. *Id*. That Order was also returned as undeliverable. (Dkt. No. 9.) By Text Order of November 11, 2015, the Court, in deference to Plaintiff's *pro se* status, afforded the Plaintiff a further opportunity to submit a fully completed and signed application to proceed *in forma pauperis,* and to provide her proper mailing address, by November 30, 2015. (Dkt. No. 10.) Plaintiff was also advised that failure to follow the Court's directives would result in a recommendation that the case be dismissed with prejudice for failure to prosecute and failure to follow Court orders and directives. *Id.* Again, that Order was returned as undeliverable. (Dkt. No. 11.)

As of the date of this Report-Recommendation and Order, Plaintiff has failed to file a fully completed and signed IFP application or notify the Court of her proper mailing address. Plaintiff has likewise failed to contact the Court with any further information, and she has not paid the filing fee. She has made no indication that she intends to prosecute this case, nor has she otherwise

2

communicated with the Clerk regarding this action.

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

---

[1] The Court will provide pro se Defendant Coleman with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

3

In considering the duration of Plaintiff's failure to prosecute her claims, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Upon review of the docket, it appears that Plaintiff has failed to communicate as directed with the Court for over a year since December, 17, 2014. (Dkt. No. 6.) Plaintiff has otherwise had no communication with the Court since the case was transferred to this District Court. (Dkt. No. 4.) The Court provided her with opportunities to file a complete and signed *in forma pauperis* application or pay the filing fee. (Dkt. Nos. 8 and 10.) Despite prodding from the Court, Plaintiff has not followed the Court's directives after being given multiple opportunities to do so. Thus, the Court finds that the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, Plaintiff failed to contact the Court or file appropriate documents after being directed to do so by the Court. (Dkt. Nos. 8 and 10.) Plaintiff has also failed to communicate requested information to the Court regarding this action when explicitly directed to do so in the Court's order of November 5, 2015, which also notified Plaintiff that her failure to do so would constitute grounds for a recommendation of dismissal. *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95

4

(2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendants. The Court has yet to review the Complaint for sufficiency, and Defendants have not yet been served with a summons. Thus, the parties have yet to conduct any discovery. Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade).

Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such civil cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.

## IV.     CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by the Plaintiff to pursue her claims in this action. Despite several directives from the Court requesting information from Plaintiff concerning the status of the action, or directing Plaintiff to take specific steps to pursue this action, Plaintiff has repeatedly failed to comply and has provided no information to the Court concerning any measures taken to continue the action, or from which the Court could meaningfully gauge her level of persistence and enthusiasm for pursuing the action. Accordingly, based upon Plaintiff's failure to comply with directives from the Court, and after considering the factors relevant to

a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the case should be dismissed. Alternatively, the Clerk should be directed to administratively close this action.

**WHEREFORE**, it is hereby respectfully

**RECOMMENDED** that this action be **DISMISSED without prejudice**, for failure to prosecute.

**ORDERED** that the Clerk provide pro se Plaintiff with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the Plaintiff in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: January 13, 2016
       Syracuse, NY

Thérèse Wiley Dancks
United States Magistrate Judge